IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DOREEN SKROCH**                                                                    **PLAINTIFF**

V.                                          **CASE NO. 3:19-CV-3069**

**LABCORP, INC.; STUART B.
HOFFMAN; BAXTER HEALTHCARE
CORPORATION; and CHRIS PINSON**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Defendant Baxter Healthcare Corporation ("Baxter") (Doc. 6), with accompanying Brief in Support (Doc. 7), and a Motion to Dismiss filed by Defendant Stuart Hoffman ("Dr. Hoffman") (Doc. 11), with a Brief in Support (Doc. 13). Plaintiff Doreen Skroch filed a Response to both motions (Doc. 16), and Baxter filed a Reply in Support of its Motion to Dismiss (Doc. 23). For the reasons given below, the Court hereby **GRANTS** Baxter's Motion to Dismiss, **GRANTS** Dr. Hoffman's Motion, and **DISMISSES WITHOUT PREJUDICE** Ms. Skroch's claims against Baxter, Mr. Pinson, and Dr. Hoffman.

### I. BACKGROUND

Ms. Skroch was an employee of Baxter Healthcare in Mountain Home, Arkansas. On March 28, 2019, Ms. Skroch gave a urine sample at her employer's request. Baxter transmitted that urine sample to Laboratory Corporation of America Holdings ("LabCorp"), also a defendant in this case, to be tested for the presence of controlled substances. The sample attributed to Ms. Skroch tested positive for opiates, and LabCorp transmitted the results to First Advantage Occupational Health Services Corp. ("First Advantage"), which provides Medical Review Officer ("MRO") services, reviewing laboratory results before

1

they are reported to employers. Defendant Dr. Hoffman is the Chief MRO for First Advantage. When the results of the drug test were transmitted to Baxter, Ms. Skroch was fired by her supervisor, Chris Pinson, who is also named as a defendant in Ms. Skroch's Complaint.

Ms. Skroch's Complaint (Doc. 4) raises allegations of negligence, libel, interference in contractual relations, and violations of the Arkansas Drug Free Workplace Act (the "Act"), Ark. Code Ann. § 11-14-101 *et seq.*, against Defendants Baxter, Mr. Pinson, LabCorp, and Dr. Hoffman. The Act requires that participant employers have drug test results confirmed and reviewed by an MRO before an employee may be terminated. Ark. Code Ann. § 11-14-107(b). Participation in this program is voluntary. *See* Ark. Code Ann. § 11-14-102(5).

In its Motion to Dismiss, Baxter argues that the Complaint fails to state a claim under the Act. Additionally, Baxter asserts that Ms. Skroch has not sufficiently pled the components of defamation and that Baxter cannot tortiously interfere in its own relationship with Ms. Skroch. Dr. Hoffman's Motion to Dismiss asserts that he is not subject to personal jurisdiction in this Court, that service of process was defective, and her claims against him fail as a matter of law. The Affidavit of Service filed by Ms. Skroch indicates that Dr. Hoffman was served by restricted certified mail sent to the First Advantage building in Bolingbrook, Illinois. (Doc. 4-1, p. 7). Dr. Hoffman asserts, however, that he lives and works in California and did not designate the person who signed for the certified mail at the First Advantage building in Illinois as an agent authorized to accept service on his behalf. (Doc. 11-1). Additionally, Dr. Hoffman submitted an affidavit stating

that he does not transact or solicit business or own property in Arkansas, nor did he perform the MRO verification of Ms. Skroch's urine test.

In her Response, Ms. Skroch abandons the allegations against Dr. Hoffman, Baxter, and Mr. Pinson under the Act, as well as the claims for tortious interference and libel. Ms. Skroch maintains her negligence claim against those parties, though she offers a new theory for the Defendants' duty of care. Now, the Plaintiff asserts that the Defendants' duty to her arises out of the contractual relationship between Baxter and LabCorp, rather than out of an obligation created by the Act. Ms. Skroch does not respond to Dr. Hoffman's claims regarding lack of personal jurisdiction and defective service of process.

## II. LEGAL STANDARD

### A. Service of Process

Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946). Therefore, a defendant must receive valid service of process for a district court to exercise personal jurisdiction. *See, e.g., Doshier v. Facebook, Inc.*, 2019 WL 4784898, at *3 (E.D. Ark. Sept. 30, 2019). When service of process is contested by the defendant, the plaintiff has the burden to prove proper service. *See Woolbright v. Tankinetics, Inc.*, 2013 WL 5373614, at *2 (W.D. Ark. Sept. 25, 2013).

The Federal Rules of Civil Procedure do not themselves provide for service of an individual within the United States by certified mail, but Rule 4(e)(1) does permit service pursuant to the rules of the state where the district court is located or where service is

3

made. Fed. R. Civ. P. 4(e)(1). The Arkansas Rules of Civil Procedure permit service by certified mail delivered to the individual or an authorized agent. Ark. R. Civ. P. 4(g)(1)(A)(i).[1] However, Arkansas law does not provide for a party to serve a defendant simply by leaving a copy of the summons at the person's place of employment. *See Dintelman v. Chicot Cty. Mem'l Hosp.*, 2011 WL 1288482, at *4 (E.D. Ark. Mar. 31, 2011) (holding service of process insufficient where it was served at defendant's workplace, but he was not present and had not authorized any agent to accept service of process on his behalf).

## B. Lack of Personal Jurisdiction

Even if service of process is not defective, a district court can only exercise jurisdiction over a defendant who is not a resident of the state if "personal jurisdiction exists under the forum state's long-arm statute and . . . the exercise of personal jurisdiction is consistent with due process." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010). Arkansas's long-arm statute provides for personal jurisdiction "to the maximum extent permitted by constitutional due process." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011).

Constitutional due process requires that a non-resident defendant "have 'minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Pangaea*, 647 F.3d at 745 (quoting *Int'l Shoe Co. v. Wash. Office of Unemp't Comp. and Placement*, 326 U.S. 310, 316 (1945)). "Sufficient contacts exist when the defendant's conduct and connection with the

---

[1] Illinois law, which could also apply pursuant to Rule 4(e)(1), does not permit service of an individual *via* mail. *See* 735 Ill. Comp. Stat. Ann. 5/2-203.

4

forum State are such that [the defendant] should reasonably anticipate being haled into court there." *Soo Line R. Co. v. Hawker Siddeley Can., Inc.*, 950 F.2d 526, 528 (8th Cir. 1991) (internal quotation marks omitted). "The defendant's contacts with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has purposefully availed [himself] of the privilege of conducting activities in the state." *Pangaea*, 647 F.3d at 745 (internal quotation marks omitted). Furthermore, an "individual's status as an officer or director of a corporation that is subject to personal jurisdiction does not automatically confer personal jurisdiction over the individual." *Woolbright*, 2013 WL 5373614, at *4.

"When a plaintiff seeks to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that such defendant can be subjected to jurisdiction within the state." *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974). If the defendant challenges jurisdiction, then "the plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation marks omitted).

### C. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

5

544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

### A. Dr. Hoffman's Motion to Dismiss

Service of process as to Dr. Hoffman was defective. Based on the documentation submitted, the Court infers that Ms. Skroch attempted to serve Dr. Hoffman *via* restricted certified mail, pursuant to Ark. R. Civ. P. 4(g)(1)(A)(i). However, that certified mail was directed to the First Advantage office located in Bolingbrook, Illinois. Dr. Hoffman, though employed by First Advantage, works in California and did not authorize the recipient at the Bolingbrook office to act as his agent for purposes of receiving service of process. No rules of procedure applicable here permit service by certified mail to a defendant's

6

employer to effect service upon the defendant, nor has the Plaintiff responded in any way to meet her burden of showing that service was in fact proper.

Ordinarily, the Court could consider at its discretion whether to grant Ms. Skroch additional time to effect valid service. In this case, however, the Court need not do so because even if service were valid, this Court would not have personal jurisdiction over Dr. Hoffman. In her Complaint, Ms. Skroch alleged that Dr. Hoffman was the MRO in charge of reviewing the results of her drug test, and his negligent supervision and release of inaccurate test results caused harm to Ms. Skroch in Arkansas. Dr. Hoffman in challenging jurisdiction, submitted an affidavit asserting that he did not perform the MRO review of Ms. Skroch's test results, nor does he have any other connection to Arkansas that would give this Court personal jurisdiction. Ms. Skroch's Response offers no additional affidavits, evidence, or facts to meet her burden of showing that this Court nevertheless has jurisdiction.

Even resolving this factual dispute in the Plaintiff's favor, it cannot be said that Dr. Hoffman could anticipate being haled into court in the Western District of Arkansas. Dr. Hoffman had no *purposeful* contact with Arkansas. His role as the Chief MRO at First Advantage, by itself, is not sufficient minimum contacts to bring him within the jurisdiction of this Court. His alleged contact with Arkansas arose only because the company for which he works contracted with LabCorp, which contracted with Baxter, which conducts business in Arkansas. This is too fortuitous and attenuated a connection to satisfy the due process requirements of the Constitution. The Court will therefore dismiss without prejudice the claims against Dr. Hoffman for lack of personal jurisdiction.

7

## B. Baxter's Motion to Dismiss

Ms. Skroch concedes in her Response to the motions to dismiss that "the allegations concerning wrongful termination and libel and actions under 11-14-1107(b) [*sic*] should be dismissed." From the Court's reading of the Complaint, this dismisses all the claims against Baxter and Mr. Pinson. The negligence claims against Baxter and Mr. Pinson were premised on the alleged violation of the Act. *See* Doc. 4, ¶ 10 (". . . defendants Baxter Healthcare and Pinson was [*sic*] guilty of negligence in failing to follow the provisions of state law. . ."). Paragraphs 3 through 5 of Ms. Skroch's Response appear to present a new theory of Defendants' duty to Plaintiff, but the *Complaint* does not offer any other theory of negligence beyond violation of the Act, and Ms. Skroch has conceded that claims under the Act should be dismissed. Therefore, all claims against Baxter are dismissed.

It is not clear whether Baxter's Motion to Dismiss was also intended to dismiss the claims against Mr. Pinson, but since the Complaint pleads no basis of liability for Mr. Pinson independent of his employer, all claims as to Mr. Pinson are dismissed as well.

## IV. CONCLUSION

Therefore, Dr. Hoffman's Motion to Dismiss (Doc. 11) is **GRANTED**, Baxter's Motion to Dismiss (Doc. 6) is **GRANTED**, and the claims against Defendants Hoffman, Baxter, and Pinson are **DISMISSED WITHOUT PREJUDICE**. This leaves for further resolution the claims against LabCorp, the only Defendant remaining in the case.

**IT IS SO ORDERED** on this 20th day of November, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

8